```
                                                    CLERK'S OFFICE U.S. DIST COURT
                                                           AT ROANOKE, VA
                                                                FILED

                                                          SEP 12 2008
```
JOHN F. CORCORAN, CLERK
BY: /s/ L. Bright
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7-91CR00138-009 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| GODFREY SPENCER | ) | By: Hon. James C. Turk |
| | ) | Senior United States District Judge |

Defendant Godfrey Spencer, a federal inmate proceeding pro se, filed a motion seeking a reduction in his sentence (Dkt. No. 7), pursuant to 18 U.S.C. § 3582(c)(2). Spencer argues that United States Sentencing Guidelines ("U.S.S.G.") Amendments 591 and 706 both retroactively apply to his sentence, which would reduce his guideline range to 30 years to life in prison. Upon review of the parties' submissions, the record, and applicable law, the court concludes that Spencer's guideline range is lowered by both Amendments, and re-sentences Spencer to 30 years in prison.

## I. Background

In 1992, Spencer was tried and found guilty of eight counts pertaining to his role in a drug distribution ring involving cocaine base, commonly known as "crack" cocaine. Citing a 21 U.S.C. § 861 offense (use of juveniles in the drug distribution), Spencer's Presentence Report calculated his base offense level using U.S.S.G. § 2D1.2(a)(2), whereby the base offense level was "1 plus the offense level from § 2D1.1 applicable to the total quantity of controlled substances involved in the offense." (Presentence Report at 7). The court determined the total quantity of cocaine base involved in the offense to be 4.082 kilograms, which at the time of sentencing gave Spencer a level of 38 under the § 2D1.1(c) drug quantity tables, and thus a final base offense level of 39 pursuant to § 2D1.2(a)(2). To this, six additional levels were added for Spencer's possession of a handgun
-1-
Case 7:91-cr-00138-JCT-mfu   Document 20   Filed 09/12/08   Page 1 of 9   Pageid#: 57

and his central role in the conspiracy, resulting in Spencer's total offense level of 45. Combined with his Category II criminal history, this offense level resulted in a guideline sentence of life in prison. However, the court sentenced Spencer to 40 years in prison,[1] departing downward from the guideline range. (Apr. 23, 1992 Judgment ("Judgment") at 2).[2] In addition, Spencer was sentenced to 10 years of supervised release following his term of incarceration. (Id. at 3).

## II.

### A. Amendment 706

Amendment 706 (as amended by Amendment 711) applies retroactively. U.S.S.G. § 1B1.10(c). Its purpose was to serve "as an interim measure to alleviate some of [the] problems" "associated with the 100-to-1 drug quantity ratio" of powder cocaine as compared to crack cocaine, necessary to trigger the same statutory minimum sentence in trafficking offenses. U.S.S.G. Appx C, Amend. 706, Reason for Amendment. For Spencer's total drug quantity of 4.082 kilograms, the revised drug quantity table would lower Spencer's base offense level by two. See U.S.S.G. § 2D1.1(c)(2) (now applying offense level 36 for violations involving "[a]t least 1.5 KB but less than 4.5 KG of Cocaine Base").

In opposition (Dkt. No. 13), without citing any authority, the United States argues that

---

[1] Though Spencer was found guilty on eight counts of the Superseding Indictment ("Indictment"), the 40-year sentence relates solely to Count One's drug conspiracy charge. For each of the remaining seven counts (each pertaining to a specific distribution of crack cocaine), Spencer's sentence was 60 months (five years), to be served concurrently with Count One's sentence. (Judgment at 2).

[2] The 40-year sentence imposed was within the statutory range. See 21 U.S.C. § 841(b)(1)(A) (mandating a minimum sentence of 20 years and a maximum of life in prison); 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this title shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.").

because Spencer was sentenced outside the U.S.S.G. range, any adjustment to the guidelines cannot affect Spencer's sentence. This argument is without merit. The guidelines explicitly authorize courts to re-sentence a defendant whose original sentence represented a downward departure. U.S.S.G. § 1B1.10(b)(2)(B) ("If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.") (emphasis added). See also United States v. Roy, No. 5:04CR30018-010, 2008 U.S. Dist. LEXIS 35113 (W.D. Va. Apr. 29, 2008) (re-sentencing defendant pursuant to crack cocaine amendment where original sentence represented a downward departure).[3] Therefore, Amendment 706 appropriately lowers Spencer's base offense level by two.

### B. Amendment 591

Amendment 591 (which also applies retroactively) made clear that § 2D1.2 may only be used to calculate a base offense level if a "defendant is convicted of a statutory violation of drug trafficking in a protected location or involving an underage or pregnant individual (including an attempt or conspiracy to commit such a violation) . . . ." U.S.S.G. Appx C, Amend. 591; U.S.S.G.

---

[3] The United States also argues that even if Amendment 706 applied to Spencer's sentence, the two-level reduction (to a total offense level of 43) would not change his original guideline range of life in prison. While this is correct, the argument sidesteps the operative issue, as Spencer is claiming a three-level reduction based upon the cumulative effect of Amendment 706 and Amendment 591. See U.S.S.G. § 1B1.10(b)(1) ("In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced.") (emphasis added). Such a reduction would change Spencer's guideline range to 30 years to life in prison, making him eligible for a sentence reduction. See 18 U.S.C. 3582(c)(2); U.S.S.G. § 1B1.10(a)(1).

§ 2D1.2, Application Note 1 (emphasis added).[4] Only convictions for violations of 21 U.S.C. §§ 859, 860, and 861 qualify for using § 2D1.2 as the base offense guideline. U.S.S.G. § 2D1.2, Statutory Provisions.[5] The lynchpin of Spencer's argument is that he was not actually convicted of conspiring to violate § 861, but rather that the court found–in making its guideline selection–that he had engaged in relevant conduct proscribed by § 2D1.2(a)(2).[6] If true, then applying a one-level enhancement pursuant to § 2D1.2(a)(2) would be error after Amendment 591, and Spencer's base offense level should be determined solely pursuant to § 2D1.1.[7] The court has examined the record, and concludes that Spencer was not in fact charged with (nor convicted of) conspiring to commit a § 861 violation.[8]

---

[4] As defendant states, Amendment 591 "addresse[d] a circuit conflict regarding whether the enhanced penalties in § 2D1.2 . . . apply only in a case in which the defendant was convicted of an offense referenced to that guideline or, alternatively, in any case in which the defendant's relevant conduct included drug sales in a protected location or involving a protected individual." U.S.S.G. Appx C, Amend. 591, Reason for Amendment.

[5] Convictions for an attempt or conspiracy to commit such an offense also qualify for using § 2D1.2 as the base offense guideline. See supra note 2.

[6] The government does not challenge this assertion, and § 861 is not listed in Spencer's Judgment as a statute of conviction. (Judgment at 1).

[7] Amendment 591 also mandated that–save a stipulation by the defendant to a more serious offense–the guideline(s) referenced in Appendix A's statutory index must be applied to the statute(s) of conviction. See U.S.S.G. Appx C, Amend. 591; U.S.S.G. § 1B1.2(a). In Appendix A, § 2D1.1 is the only guideline referenced for 21 U.S.C. §§ 841(a) and 841(b)(1), which Spencer asserts are the only statutes that he was convicted of conspiring to violate. See U.S.S.G. Appx A.

[8] The government makes two arguments in its second response brief (Dkt. No. 18), both of which are unavailing. First, though it is true that Amendment 591 only applies to the selection of the relevant offense guideline (rather than selection of a base offense level within that guideline), that is precisely what Spencer is contesting. Second, the United States again approaches the Amendment 591 issue as if it exists in a vacuum (almost two months after briefing the Amendment 706 issue), and asserts that even if Spencer is correct regarding its application to his sentence, the one-level reduction would not change his guideline range from life in prison. Of

Of the eight counts that Spencer was found guilty of, only Count One of the Indictment ("Indictment") mentioned § 861.[9] It charged that Spencer and his co-defendants conspired to "possess with the intent to distribute . . . fifty (50) grams or more of cocaine base, also known as 'crack,' . . . in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(A) and 859 and 861." (Indictment at 1-2) (emphasis added). After detailing the goals of the conspiracy, means and methods, and overt acts, Count One concluded with: "All in violation of Title 21 United States Code, Section 846 and Title 21 United States Code, Section 841(b)(1)(A) and 859 and 861." (Id. at 5) (emphasis added). Finally, in the section regarding the "Means and Methods of the Conspiracy," Count One asserted that Spencer used two identified "juvenile[s] . . . to hold and distribute crack cocaine." (Id. at 2).

Count One thus contains bare citations to § 861, as well as factual allegations related to such an offense. These cursory references, however, are insufficient to charge Spencer with conspiracy to violate § 861, as nowhere does the Indictment recite the elements of a § 861 violation.[10] United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999) ("It is well settled 'that every ingredient of the

---

course, as discussed above, the cumulative effect of Amendment 591 and Amendment 706 would reduce Spencer's guideline range. See supra note 3.

[9] Counts Two, Three, and Four charged two other defendants with specific violations of § 861. Both defendants pled guilty the day Spencer's trial began. (Presentence Report at 2-5).

[10] Under § 861, it is "unlawful for any person at least eighteen years of age to knowingly and intentionally--
(1) employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to violate any provision of this title or title III; (2) employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age to assist in avoiding detection or apprehension for any offense of this title or title III by any Federal, State, or local law enforcement official; or (3) receive a controlled substance from a person under 18 years of age, other than an immediate family member, in violation of this title or title III." 21 U.S.C. § 861(a).

crime must be charged in the [indictment], a general reference to the provisions of the statute being insufficient.'") (quoting Hale v. United States, 89 F.2d 578, 579 (4th Cir. 1937)). See also United States v. Hensley, No. 3:06-CR-00017-006, 2006 U.S. Dist. LEXIS 94212, at *4-8 (W.D. Va. Dec. 29, 2006) (closely examining Fourth Circuit precedent for what indictment language is sufficient to charge a defendant with a violation triggering U.S.S.G. § 2D1.2, and finding, in part, that an acceptable indictment had included "the elements of each crime").

In addition, the jury was never specifically instructed regarding the elements necessary to sustain a conviction for a § 861 conspiracy. After preliminary instructions, the court read Count One to the jury in its entirety. (Trial Transcript, Vol. 3 at 69-74). The court then gave specific instructions regarding §§ 846 and 841, as well as instructions pertaining to a conspiracy more generally. (Id. at 74). To wit, the court instructed the jury that "[t]wo (2) essential elements are required to be proven to prove the charges in Count 1 of the Indictment: that the defendants conspired and agreed with others to possess with intent to distribute and distribute a measurable amount or more of cocaine base, also known as crack, a Schedule Two (2) controlled substance, and that the defendants under consideration knowingly and willfully became members of the conspiracy." (Id. at 74 (emphasis added)). Moreover, the court instructed the jury that not all of the facts alleged in Count One were necessary to a finding of guilty as to the drug conspiracy. Instead, the evidence only needed to show "that one of the conspirators during the existence of the conspiracy, knowingly committed at least one (1) of the means or methods or overt acts described in the Indictment, and that such overt act was knowingly committed at or about the time alleged . . . ." (Id. at 76 (emphasis added)). After its deliberations, the jury returned a general verdict that Spencer was "Guilty" as to Count One. (See Jan. 23, 1992 Verdict).

These jury instructions and verdict are insufficient to support a § 861 conviction. See United States v. Forbes, 64 F.3d 928, 934 (4th Cir. 1995) ("Failure to instruct the jury that it must make an essential finding is . . . a constitutional error, and [courts] must reverse the conviction unless the error is harmless beyond a reasonable doubt.") (citing Chapman v. California, 386 U.S. 18, 24 (1967). Given that the jury instructions clearly focused on the conspiracy to distribute crack cocaine, it cannot be said that "the jury necessarily found the omitted element[s]" that comprise a § 861 conspiracy violation, so this error was not harmless. United States v. Sardesai, No. 96-4228, 1997 U.S. App. LEXIS 27952, at *9 (4th Cir. Oct. 10, 1997).[11] Therefore, Spencer was neither charged with nor convicted of conspiring to violate § 861, and Amendment 591 properly applies to Spencer's sentence, lowering his base offense by one.

### III. Re-sentencing

As discussed above, Amendments 591 and 706 both retroactively apply to Spencer's sentence, and together lower his total offense level from 45 to 42. Combined with Spencer's Category II criminal history, the defendant's new guideline range is 360 months (30 years) to life in prison. Because Spencer was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of

---

[11] Though not the stated basis of Spencer's original base offense calculation (see Presentence Report at 7), the Indictment also lists 21 U.S.C. § 859 (drug distributions to persons under 21) as a statutory provision that Spencer conspired to violate. As with § 861, if Spencer was charged with and convicted of a § 859 violation, the one-level enhancement pursuant to U.S.S.G. § 2D1.2(a)(2) would continue to be proper after Amendment 591. In his § 3582(c)(2) motion, Spencer denied that he was convicted of a § 859 violation, an assertion which the United States did not challenge. Section 859 was listed in Spencer's Judgment as a statute of conviction for Count One; however, the court finds that this listing was in error. Due to the same infirmities of the Indictment and jury instructions discussed above regarding § 861, as a matter of law Spencer was not properly charged with nor convicted of conspiring to violate § 859. The court's order will direct that Spencer's Judgment be amended accordingly.

imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

As indicated by the policy statement to U.S.S.G. § 1B1.10, making Amendments 591 and 706 apply retroactively "reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants." U.S.S.G. § 1B1.10, Background. In its discretion, and after considering all of the factors set forth in 18 U.S.C. § 3553(a), the record before the court at Spencer's original sentencing, and the submissions by Spencer regarding his positive conduct while incarcerated, the court will reduce Spencer's prison sentence to 30 years, with all other terms and conditions of his sentence remaining the same.[12] The court finds this sentence–which is within the new guideline range[13]–is a just punishment that appropriately reflects the seriousness of Spencer's offense, affords adequate deterrence to criminal conduct, will protect the public from future crimes by the defendant, and will not present problems of sentencing disparities for similarly situated defendants. See generally 18 U.S.C.§ 3553(a).

## IV. Conclusion

---

[12] Given the abundant record before the court, it finds that a hearing would be unnecessary.

[13] Because the court originally departed downward, it has the discretion to grant a comparable reduction. U.S.S.G. § 1B1.10(b)(2)(B). The court departed downward in its original sentence because it found that "in this case, giving life for a man of 33 years old, would be cruel and unusual punishment." (Judgment at 4). As the court finds no Eight Amendment concerns implicated by a sentence within the amended guideline range, there is no basis upon which to depart downward now.

-8-

Case 7:91-cr-00138-JCT-mfu   Document 20   Filed 09/12/08   Page 8 of 9   Pageid#: 64

For the stated reasons, defendant's § 3582(c)(2) motion (Dkt. No. 7) will be **GRANTED**. An appropriate order will issue this day. The Clerk is directed to send a copy of this opinion and the accompanying order to the defendant at his current place of confinement and to counsel of record for the government.

ENTER: This 12th day of September, 2008.

/s/ James C. Turk
Senior United States District Judge

Case 7:91-cr-00138-JCT-mfu   Document 20   Filed 09/12/08   Page 9 of 9   Pageid#: 65